UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-22855-WILLIAMS/SIMONTON

STANLEY WOLFE, individually and on
behalf of all other persons similarly situated,

                Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
RICHARD D. FAIN, and BRIAN J. RICE,

                Defendants.
_____/

**KBC ASSET MANAGEMENT NV'S MOTION FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF ITS SELECTION OF COUNSEL**

**INTRODUCTION**

Pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, KBC Asset Management NV ("KBC") respectfully moves this Court for an order (i) consolidating the above-captioned related actions; (ii) appointing KBC as the Lead Plaintiff on behalf of all persons who purchased or otherwise acquired Royal Caribbean Cruises Ltd. ("Royal Caribbean" or the "Company") securities between April 23, 2009, and July 28, 2011, inclusive (the "Class Period"); and (iii) for approval and appointment of its selection of the law firm of Motley Rice LLC ("Motley Rice") as Lead Counsel and the law firm of Lee & Amtzis, P.L. ("Lee & Amtzis") as Liaison Counsel.

For the reasons set forth below, KBC is the most adequate plaintiff, and hence the presumptive lead plaintiff, in this proceeding. KBC is a Belgian asset management company, responsible for managing institutional funds, private funds, and mutual funds. KBC is

accustomed to acting as a fiduciary, and has been appointed as Lead Plaintiff in securities class actions in the United States pursuant to the PSLRA. As its duly executed certification shows, KBC purchased 120,258 shares of Royal Caribbean (stock symbol "RCL") common stock on the New York Stock Exchange ("NYSE") during the Class Period. Taking into account the Class Period sales, KBC purchased 45,571 net shares, had net expenditures of $1,843,641.79, and suffered a loss of $719,477.86. Furthermore, as a sophisticated institutional investor, KBC is ideally suited to serve as the lead plaintiff in this litigation. KBC, and its proposed lead and liaison counsel, should be approved.

## PROCEDURAL BACKGROUND

Currently, three related securities class actions have been filed on behalf of persons who acquired Royal Caribbean common stock against Royal Caribbean and certain of its officers for violations of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a) (the "Actions"). The PSLRA requires counsel in a securities fraud class action who files the first complaint to issue a notice to investors in a widely circulated national business-oriented publication within twenty days of the date the complaint is filed, advising class members of the pendency of the lawsuit and the nature of the allegations, their right to seek appointment as lead plaintiff within sixty days of the publication of the notice, and the purported class period. *See* 15 U.S.C. § 78u-4(a)(3)(A)(1). This case (the "Roth Action") was filed on August 2, 2011. That same day, counsel in the action issued the required notice (the "Notice") on the Globe Newswire, which announced that a securities class action had been filed against the defendants herein, and advised investors of Royal Caribbean securities that they had until October 3, 2011, to file a motion to be appointed as Lead Plaintiff. See Abel Decl., Ex. 3.

The PSLRA requires putative class members to move for appointment as lead plaintiff within 60 days of the date the Notice was issued.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(1).  KBC has satisfied this requirement by filing its motion within the sixty-day period.  Accordingly, KBC has complied with the procedural mandates of the PSLRA.

## FACTUAL BACKGROUND

Royal Caribbean is a global cruise vacation company that operates Royal Caribbean International, Celebrity Cruises, Pullmantur, Azamara Club Cruises, CDF Croisieres de France, and TUI Cruises through a 50% joint venture.  The Company primarily serves the contemporary, premium, and deluxe segments of the cruise vacation industry.

On July 27, 2011, after the market closed, Royal Caribbean shocked investors when it disclosed that it had identified errors in its previous accounting treatment of interest expense relating to the amortization of certain financing fees.  As a result, the Company had "revised" its previous financial statements, resulting in, among other things, reduced net income for fiscal years 2009 and 2010.  This accounting revision also reduced Royal Caribbean's 2011 earnings guidance by $0.10 per share.  The next day, financial analysts and reporters pointed out that the defendants had attempted to slide under the radar an additional $0.10 reduction in the Company's 2011 full-year earnings, completely unrelated to the accounting issue.

Upon the release of this news, shares of Royal Carribean's stock fell $4.50 per share, or over 12.5 percent, to close on July 28, 2011, at $31.26 per share, on unusually heavy trading volume.  In the days that followed, the Company's shares continued to decline, and closed as low as $24.00 per share on August 8, 2011.

Each of the Complaints allege that, throughout the Class Period, Royal Caribbean's financial statements were not prepared in accordance with Generally Accepted Accounting

Principles and that the Company lacked adequate internal controls. Each of the Complaints further allege that, during the Class Period, the defendants failed to disclose that defendants had improperly accounted for interest expense related to the amortization of certain financing fees, and as a result, defendants had materially overstated Royal Caribbean's profitability.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). The Court "has broad discretion to consolidate cases pending within its district." *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 500 (S.D. Fla. 2002).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). Neither Rule 42 nor the PSLRA requires that actions be identical in order to be consolidated. *See Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

Differences in the class period do not render consolidation inappropriate where, as here, the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). In that regard, the dates on which the misrepresentations

occurred do not change their nature." *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998) (noting that "[c]ourts which have addressed the issue have held that differing class periods alone will not defeat consolidation or create a conflict"); *see also In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d. 286 at 293 (consolidating actions alleging violations of section 10(b) and 20(a) under Securities Exchange Act of 1934, despite the fact that one of the three complaints specified a class period which began before and ended during the class period alleged in the other three complaints); *Dolan v. Axis Capital Holdings Ltd.*, No. 04-CV-8564, 2005 WL 883008, at *2 (S.D.N.Y. Apr. 13, 2005) (finding consolidation of cases with "similar or overlapping claims" under Section 10(b) and 20(a) of the Securities and Exchange Act of 1934, along with Rule 10b-5, appropriate pursuant to Rule 42(a) despite different but "coextensive" class periods).

Here, as discussed above, the three Actions all bring securities fraud claims arising out of the same course of conduct. A uniform class, uniform defendants, and a single class period will be established in the consolidated complaint filed after a lead plaintiff is appointed. *See Kaplan*, 240 F.R.D. at 92 (noting that the filing of a consolidated complaint and the determination of class certification each offer opportunities to resolve remaining issues concerning the differing class periods). Thus, the Actions, and any related actions that are subsequently filed in this District or transferred to this District, should be consolidated.

## II. KBC SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Legal Requirements Under The PSLRA

The PSLRA provides a rebuttable presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

      (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); see also Newman, 209 F.R.D. at 502.

As set forth below, KBC satisfies all three of these criteria, and thus is entitled to the presumption that it is the most adequate plaintiff for the class.

    **B.**    **KBC Satisfies The "Lead Plaintiff" Requirements Of The Exchange Act**

          **1.**    **KBC Has Complied With the Exchange Act and Should Be Appointed Lead Plaintiff**

The 60-day time period in which class members may move to be appointed Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(A)-(b) expires on Monday, October 3, 2011. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, KBC timely moves this Court to be appointed lead plaintiff on behalf of all members of the class.

KBC's Managing Directors have duly signed and filed a sworn certification on behalf of KBC pursuant to the PSLRA. *See* Abel Decl., Ex. 1. In addition, KBC has selected and retained competent counsel to represent it and the class. *See* Abel Decl., Ex. 4. Therefore, KBC has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and selection of lead and liaison counsel considered and, for the reasons set forth herein, approved by the Court.

          **2.**    **KBC Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions

6

will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. KBC, a sophisticated institutional investor, is precisely the type of lead plaintiff Congress envisioned when it passed the PSLRA. *See id*. ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.").

KBC is a sophisticated institutional investor and experienced fiduciary that is familiar with the provisions governing the appointment of lead plaintiffs in PSRLA actions. After due consideration by its Managing Directors, including a review of the merits of the Actions and the qualifications of its proposed lead counsel, KBC has affirmatively decided to seek appointment as lead plaintiff. KBC is fully committed to serving as a fiduciary to the class and to the zealous prosecution of this matter as the lead plaintiff.

### 3. KBC Has the Requisite Financial Interest In the Relief Sought By the Class

During the Class Period, KBC purchased 120,258 shares of Royal Caribbean common stock on the NYSE exchange during the putative Class Period (45,571 net shares), had net expenditures of over $1,843,641.79 thereon, and suffered losses of $719,477.86. *See* Abel Decl., Ex. 2. Upon information and belief, KBC has the largest financial interest in the relief sought by the class of any class member who has appeared and thus is presumptively the most adequate plaintiff to serve as lead plaintiff.

Case No. 11-cv-22855-WILLIAMS/SIMONTON

### 4. KBC Otherwise Satisfies the Requirements of Rule 23

The PSLRA requires that lead plaintiffs, in addition to having the largest financial interest, must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(1)(cc).

Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff satisfies the requirements of Rule 23, "the Court focuses its analysis on the typicality and adequacy requirements of Rule 23." *Eastwood Enters., LLC v. Farha*, No. 8:07-CV-1940-VMC-EAJ, 2008 WL 687351, at *1 (M.D. Fla. Mar. 11, 2008). A prima facie showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *See Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000).

#### a. KBC's Claims Are Typical

The typicality requirement is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality exists if the named representatives' claims share "'the same essential characteristics as the claims of the class at large.'" *Piven*, 137 F. Supp. 2d at 1306 (quoting *Prado-Steiman v. Bush*, 221 F.3d 1266, 1278-79 & n.14 (11th Cir. 2000)). Thus, courts have repeatedly held that typicality is satisfied in securities class actions when the class representative, like all other class members, purchased the subject stock during the relevant time period at prices that they allege were artificially inflated by false and misleading statements by defendants and allegedly suffered

damages.  *See, e.g., In re Sprint Corp. Sec. Litig.*, 164 F. Supp 2d 1240, 1243-44 (D. Kan. 2001); *Chisholm v. TranSouth Fin. Corp.*, 184 F.R.D. 556, 563 (E.D. Va. 1999).

KBC's claims are typical of those of the putative class.  KBC purchased Royal Caribbean securities during the Class Period at prices artificially inflated and distorted by Defendants' misrepresentations and omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

### b.   KBC Is An Adequate Representative

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members do not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001).

KBC is an adequate representative of the class.  The interests of KBC are clearly aligned with the interests of the members of the class, as evidenced by the injuries suffered by KBC, which purchased Royal Caribbean shares at prices artificially inflated by Defendants' materially false and misleading statements and omissions.  There is no antagonism between KBC's interests and those of the putative class.  Finally, KBC has taken significant steps that demonstrate that it will protect the interests of the class:  (1) KBC has executed a sworn certification detailing its Class Period transactions and expressing its willingness to serve as Lead Plaintiff; (2) KBC has timely moved this Court for appointment as Lead Plaintiff; and (3) KBC has retained competent

Case No. 11-cv-22855-WILLIAMS/SIMONTON

and experienced counsel to prosecute these claims. As shown below, KBC's proposed counsel are highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, KBC prima facie satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

### 5. KBC Is Presumptively The Most Adequate Plaintiff

The presumption in favor of appointing KBC as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that KBC is the most adequate lead plaintiff is not, therefore, subject to rebuttal. KBC has suffered substantial financial losses of $719,477.86, and believes it has the largest financial interest in this case of any timely lead plaintiff movant. Further, the ability of KBC to fairly and adequately represent the class is discussed above.

KBC is not aware of any unique defenses that defendants could raise against it that would render itself inadequate to represent the class. Accordingly, KBC is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the class. *See Eastwood*, 2008 WL 687351, at *4.

### III. THE COURT SHOULD APPROVE KBC'S CHOICE OF COUNSEL

The PSLRA provides that the lead plaintiff shall, subject to court approval, select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). A court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C.

§ 78u-4(a)(3)(B)(iii)(II)(aa).  KBC has selected the law firm of Motley Rice as lead counsel and Lee & Amtzis as liaison counsel.  Lee & Amtzis, P.L. members have substantial experience in the prosecution of shareholder and securities class actions.  Motley Rice also has experience in complex litigation, including securities cases, and is amply qualified to serve as liaison counsel in this matter.  See Abel Decl., Ex. 4.  Therefore, the Court should approve KBC's selection of counsel.

## CONCLUSION

For all of the above reasons, KBC respectfully requests that the Court:  (1) consolidate the Actions; (2) appoint KBC as Lead Plaintiff; and (2) approve KBC's selection of counsel.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: October 3, 2011  
      Boca Raton, Florida

Respectfully submitted,

_____  
ERIC LEE (Bar No. 961299)  
lee@leeamlaw.com  
Lee & Amtzis, P.L.  
5550 Glades Road, Suite 401  
Boca Raton, FL  33431  
Telephone:  (561) 981-9988  
Facsimile:  (561) 981-9980

*[Proposed] Liaison Counsel for  
KBC Asset Management NV*

Case No. 11-cv-22855-WILLIAMS/SIMONTON

MOTLEY RICE LLC
James M. Hughes
jhughes@motleyrice.com
William S. Norton
bnorton@motleyrice.com
David P. Abel
dabel@motleyrice.com
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000
Fax: (843) 216-9450

*[Proposed] Lead Counsel for*
*KBC Asset Management NV*

Case No. 11-cv-22855-WILLIAMS/SIMONTON

**SERVICE LIST**
(ECF)

Pomerantz Haudek, et al.
Jeremy A. Lieberman, Esq.
100 Park Avenue
New York, NY  10017

Saxena White PA
Joseph E. White, III, Esq.
2424 N. Federal Hwy., Ste. 257
Boca Raton, FL  33431

*Attorneys for Plaintiff*
*Stanley Wolfe*

Holland & Knight LLP
Brian W. Toth, Esq.
Sanford Lewis Bohrer, Esq.
Scott Daniel Ponce, Esq.
701 Brickell Ave., Ste. 3000
Miami, FL  33131

Fried, Frank, et al.
David Michael Knapp, Esq.
Israel David, Esq.
William G. McGuinness, Esq.
One New York Plaza
New York, NY  10004

*Attorneys for Defendants*
*Royal Caribbean Cruises Ltd.,*
*Richard D. Fain, Brian J. Rice,*
*and Henry L. Pujol*