**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| STANLEY WOLFE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>ROYAL CARIBBEAN CRUISES, LTD., RICHARD FAIN, and BRIAN RICE,<br><br>    Defendants. | **Civil No. 1:11-cv-22855-KMW** |
| TODD ROTH, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>ROYAL CARIBBEAN CRUISES, LTD., RICHARD D. FAIN, BRIAN J. RICE, and HENRY L. PUJOL,<br><br>    Defendants. | **Civil No. 1:11-cv-22783-MGC** |
| ILEANA COLLINS, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>ROYAL CARIBBEAN CRUISES, LTD., RICHARD D. FAIN, BRIAN J. RICE, and HENRY L. PUJOL,<br><br>    Defendants. | **Civil No. 1:11-cv-23255-JAL** |

**MOTION OF DAVIN M. POKOIK FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL AND INCORPORATED MEMORANDUM OF LAW**

Davin M. Pokoik ("Pokoik") respectfully submits this motion and incorporated memorandum of law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an

Order: (1) consolidating all actions filed in the Southern District of Florida in the above-captioned class actions for all purposes, pursuant to Fed. R. Civ. P. 42(a); (2) appointing Pokoik as Lead Plaintiff in the consolidated action for the Class of purchasers of Royal Caribbean Cruises Ltd. ("Royal Caribbean" or the "Company") securities; and (3) approving Lead Plaintiff's selection of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") as Lead Counsel and Saxena White, P.A. ("Saxena White") as Liaison Counsel for the Class. In support of his motion, Pokoik submits the Declaration of Jeremy A. Lieberman and the exhibits attached hereto, and all of the prior pleadings in the actions, and such other written and/or oral argument, as may be presented to the Court.

## PRELIMINARY STATEMENT

The above-captioned actions[1] are securities class action lawsuits that have been brought against Royal Caribbean and certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the Action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Pokoik, with a loss of approximately $223,600 in connection with his purchases of Royal Caribbean during the Class Period, is adequate and typical to serve as lead plaintiff. Pokoik believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this action. Pokoik has the largest financial interest in the relief sought in this action by virtue of

---

[1] The actions are styled the following: *Wolfe v. Royal Caribbean Cruises Ltd., et al.*, 1:11-cv-22855-KMW; *Roth v. Royal Caribbean Cruises Ltd., et al.*, 1:11-cv-22783-MGC and *Collins v. Royal Caribbean Cruises Ltd., et al.*, 1:11-cv-23255-JAL. The *Wolfe* action is on behalf of purchasers of Royal Caribbean securities between April 23, 2009 and July 27, 2011. The *Roth* action is on behalf of purchasers of Royal Caribbean securities between January 27, 2011 and July 28, 2011. The *Collins* action is on behalf of purchasers of Royal Caribbean securities between April 23, 2009 and July 28, 2011 (the "Class Period").

his substantial investment in Royal Caribbean during the Class Period and the loss he suffered as a result of Defendants' misconduct. Pokoik further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate class representative with claims typical of the other Class members. Accordingly, Pokoik respectfully submits that he should be appointed Lead Plaintiff.

## FACTUAL BACKGROUND

Royal Caribbean is a global cruise company operating a fleet of vessels in the cruise vacation industry. The Company operates through brands which primarily serve the contemporary, premium and deluxe segments of the cruise vacation industry, which also includes the budget and luxury segments.

On July 27, 2011, the Company disclosed "an error in the previous accounting treatment of interest expense relating to its amortization of certain financing fees and has revised its past financial statements to reflect the correct accounting." As a result of the accounting error, the Company admitted that it had overstated the earnings per share ("EPS") for 2009, 2010, and the first quarter of 2011 by $0.05, $0.15 and $0.06, respectively. The Company also reduced its full-year earnings guidance by $0.10 per share excluding the accounting error, and by an additional $0.20 per share as a result of the error, lowering the Company's outlook for 2011 EPS to a range of $2.85-$2.95 per share, down from a previous range of $3.10-$3.30.

On this news, the Company's shares declined $4.50 or more than 12.5% and closed at $31.26 per share the following day.

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts regarding the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to

disclose that: (1) the Company improperly accounted interest expenses related to the amortization of certain financing fees related to certain of the Company's export credit agency guaranteed loans; (2) the Company lacked adequate internal and financial controls; and (3) as a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED.

Consolidation of related cases is appropriate, where as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed…." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see Grand Lodge of P.A. v. Peters,* 2007 WL 1812641, at *1 (M.D. Fla. June 22, 2007). Here, the actions allege similar claims and all stem from the disclosures regarding the Company's improper accounting for interest expenses relating to financing fees. Accordingly, consolidation of the related actions is appropriate.

### II. POKOIK SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of

4

class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Pokoik satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff to lead the Class and, therefore, should be appointed Lead Plaintiff.

### A.  Pokoik Is Willing to Serve as Lead Plaintiff

On August 8, 2011, counsel in the *Wolfe* action caused a notice ("Notice") to be published over *Globe Newswire* pursuant to Sections 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised putative class members that they had until October 3, 2011, to file a motion to be appointed as Lead Plaintiff.  *See* Declaration of Jeremy A. Lieberman (hereinafter "Lieberman Decl."), Exhibit A.

Pokoik has filed the instant motion pursuant to the Notice and has attached a certification attesting that he is willing to serve as a representative of the Class and is willing to provide testimony at deposition and trial, if necessary.  *See* Lieberman Decl., Exhibit B.  Accordingly, Pokoik satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Pokoik Has The "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Pokoik believes that he is the largest financial interest of any of the movants with regard to the relief sought by the Class. Pokoik purchased (1) 10,000 shares of Royal Caribbean common stock; (2) expended $440,000 for his purchases of Royal Caribbean securities; (3) retained all of his Royal Caribbean shares; and (4) suffered a loss of $223,600. Because Pokoik possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. *See* Lieberman Decl., Exhibit C. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997).

### C. Pokoik Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Grand Lodge of Pa.,* 2007 WL 1812641, at *1 n.7.  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).  *See Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.*, 2008 WL 260811, at *2 n.2 (M.D. Fla. July 1, 2008); *Ehlert v. Singer*, 185 F.R.D. 674, 677-78 (M.D. Fla. 1999).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).  "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id.*  Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Id.*

Pokoik's claims are typical of those of the Class.  He alleges, as do all class members, that defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts concerning Royal Caribbean, or omitted to state material facts necessary to make the statements they did make not misleading.  Pokoik, as did all members of the Class, purchased Royal Caribbean securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which

7

are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)). *See Plumbers & Pipefitters,* 2008 WL 2608111, at *2 n.2.

Pokoik is an adequate representative for the Class. There is no antagonism between his interests and those of the Class and his loss demonstrates that he has a sufficient interest in the outcome of this litigation. Moreover, he has retained counsel highly experienced in prosecuting securities class actions such as this action, vigorously and efficiently, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### D. Pokoik Would Fairly and Adequately Represents the Interests of the Class and Is Not Subject to Unique Defenses.

The presumption in favor of appointing Pokoik as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Pokoik's ability and desire to fairly and adequately represent the Class have been discussed above. Pokoik is not aware of any unique defenses Defendants could raise that would

8

render him inadequate to represent the Class. Accordingly, Pokoik should be appointed Lead Plaintiff for the Class.

### III. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Pokoik has selected the Pomerantz law firm as Lead Counsel and the Saxena White law firm as Liaison Counsel. The Pomerantz and Saxena White law firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firms' resumes. *See* Lieberman Decl., Exhibits D and E. As a result of the firms' extensive experience in litigation involving issues similar to those raised in this action, Pokoik's counsel have the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Pokoik's selection of Lead and Liaison Counsel, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Pokoik respectfully requests the Court to issue an Order (a) consolidating the related actions; (b) appointing Pokoik as Lead Plaintiff for the Class; (c) approving the Pomerantz law firm as Lead Counsel and the Saxena White law firm as Liaison Counsel; and (d) granting such other relief as the Court may deem to be just and proper.

Dated:   October 3, 2011							Respectfully submitted,

											**SAXENA WHITE P.A.**

											*/s/ Christopher S. Jones*
											Joseph E. White, III.
											Florida Bar No. 0621064
											Christopher S. Jones
											Florida Bar No. 306230
											Lester R. Hooker
											Florida Bar No. 0032242
											Brandon T. Grzandziel
											Florida Bar No. 0058732
											2424 N. Federal Highway, Suite 257
											Boca Raton, FL 33431
											Telephone: 561-394-3399
											Facsimile: 561-394-3382

											**POMERANTZ HAUDEK
											GROSSMAN & GROSS LLP**
											Marc I. Gross
											Jeremy A. Lieberman
											Fei-Lu Qian
											100 Park Avenue
											New York, New York 10017
											Telephone: (212) 661-1100
											Facsimile: (212) 661-8665

											**POMERANTZ HAUDEK
											  GROSSMAN & GROSS LLP**
											Patrick V. Dahlstrom
											Ten South LaSalle Street, Suite 3505
											Chicago, Illinois 60603
											Telephone:     (312) 377-1181
											Facsimile:     (312) 377-1184

											***Attorneys for Davin M. Pokoik***

## **CERTIFICATE OF SERVICE**

I CERTIFY that on October 3, 2011, I filed this document with the Court's CM/ECF system.

>*/s/ Christopher S. Jones*
>Christopher S. Jones